Curia, per Butler, J.
There are several questions in this case which deserve consideration, but there is one which prominently presents itself for the judgment of the Court: and that is, assuming the contract and its breach to have been established, had the jury the right to give arbitrary and imaginary or vindictive damages, or were they not bound to observe some measure of damages either specifically recog-nised or indicated by the general principles of the law. The contracts and undertakings of men must be as various as the endless changing transactions of society, with which they are connected; and it is of great importance that they should be observed by the parties, or otherwise, when practicable, be enforced by the tribunals of justice. Some depend more upon moral than legal obligation, and must be left to the will of the parties and the opinion and censure of society; those which Courts can take cognizance of, having been made in reference to the law, must be enforced by the prescribed justice and established sanctions of the law. The law cannot in all cases by anticipation, say what should be the measure of redress for the violation of contracts; much must be left to the discretion of the tribunals that administer justice. The latitude of this discretion is in many instances controlled by precedent and rule, and when these can be ascertained with tolerable certainty, they must be observed, otherwise dangerous abuse and perplexing confusion would be the consequence. Juries cannot always be personified as Themes, holding the balance. They should be restrained, when the law lays down rules for their government, from giving such *182 verdicts as would, by their variation, subject them and the law to the imputation of personal partiality or prejudice. According to the allegations and evidence, this case cannot be characterized as one of those cases which peculiarly sound in damages, and where verdicts may be given rather by way of punishment to the defendant, than compensation to the plaintiff. They are cases connected with, and aggravated by fraud, deceit, and imposition, and depending so much upon circumstances and the hardships that result from them, that they cannot be subjected to precise.rules.
This case as presented by the presiding Judge, is, “ that the defendant agreed to lease to plaintiff his house and lot on Meeting Street, at an anual rent of nine hundred or one thousand dollars, for three years, commencing on the 1st day of January, 1836, subject to a condition, if at any time during the lease he should sell, that upon giving the plaintiff six months notice to quit, she was to leave the premises. The defendant sold before the day in which the plaintiff was to have possession, and gave notice to the plaintiff that he had done so. The plaintiff was the keeper of a female school, and was put to great trouble in procuring a suitable house for the purpose,, and was at last not so conveniently situated as she would have been at the defendant’s house. Now, this is an executory contract depending on the promise of the defendant: by his failure to fulfil which the plaintiff was subjected to trouble and inconvenience, and for which the jury have given her a verdict of five hundred dollars. It did not appear that she had been put to any pecuniary expense, or that she had incurred any precise loss which could have been ascertained in money; in other words, she showed no special damage, bu,t complained that she was disappointed and put to trouble and inconvenience. If it had been precisely made to appear of what this trouble and inconvenience consisted, they might perhaps have been estimated, and would have authorized a verdict for actual loss. They are too vague and intangible to be referred to any pecuniary standard. It is certain, that without paying any money at all, she has recovered more than she could have recovered if she had entered upon and had paid the price of six months interest of the lease — (the only indisputable interest which *183 she could have had under any circumstances, according to the contract.) If she had paid her money, four hundred and fifty dollars, and entered in the enjoyment of the lease, and had been evicted by a paramount title, the law would have fixed the measure of damages. On failure of warranty of title, the price paid for the property, with interest, forms the measure of damages, 2 McCord, 412; 2 Tread. Con. R., 548. In the case of Henning vs. Withers, the' question was well considered, whether, on the breach of warranty on the sale of land, the plaintiff should recover for improvements at the time of erection, or whether he should be limited to the purchase money, and interest from the time of purchase.: held that the measure of damages was the purchase money and interest.
The same position is fully sustained in 4 Johnson, 1; 5 Johnson 49; 4 Mass. 627; 2 Whea. 62.
Can it be that a plaintiff should be allowed to recover more on the promise of an interest without paying money, than for being deprived of the interest itself after paying the consideration money ? This would be to give an advantage to an incomplete contract, which a.party would not have under a perfect and executed agreement; an inconsistency which, of itself, must be fatal to this verdict — -for all the plaintiff has lost was an opportunity to buy six months interest in leasehold premises, and yet she has recovered more than the interest was worth had she paid for it. Can it be maintained, that in proportion as the extent of an injury becomes more vague and remote, the power of the jury shall increase to give damages ? This would be to make the tribunal that is to administer it, superior to the law itself. It would be for the wisdom of rules founded in experience, to yield to the ebullitions and caprice of the moment. I hold that every plaintiff must recover damages, for the breach of a contract without fraud or deceit, commensurate with the injury which he has sustained: and such damages only as naturally and immediately result from the violation of the contract, as they can be ascertained by some pecuniary standard: such as mere loss sustained by being deprived of the benefit of the contract, or expenses in consequences thereof. The cases which I shall quote will both sustain and illustrate the position, and the cases relied on by the plaintiff’s counsel do *184 not, I think, impugn it. The case of Gainsford vs. Carroll, and others, reported in 9 E. C. R. 204 was an action of assumpsit for not delivering fifty bales of bacon on particular days specified in the agreement, to be shipped by the plaintiff. The Court held that the measure of damages should be the difference between the price of bacon at the date of the contract, and the time at which it was to have been delivered. The case of Bralt vs. Ellis, reported at page 7 of the Appendix of Sugden, was this : the defendant agreed to sell to the plaintiff a piece of land at the price of three hundred and fifteen pounds, and to procure good titles to be made by one Goodwin, who had authorized defendant to sell; the plaintiff was put in possession of the land, and deposited seventy-five pounds, and expended ten pounds in repairs. Goodwin, however, refused to execute titles, according to- agreement between him and defendant. The plaintiff brought his action to recover the money deposited and expended, and the damage he had sustained by losing a good bargain; having proved that the premises were worth seven hundred and fifteen pounds. The defendant admitted that he was liable for the money deposited and expended in repairs, and also the expenses which the plaintiff had incurred in having the title deeds examined by an attorney — but contended that he was not liable for the damages arising from loss of the bargain. It was held that the jury were at liberty to give such damages, and they found accordingly. The Court of Common Pleas reversed the finding, and limited the plaintiff’s recovery to his actual damages. The case of Jones vs. Dyke, is a similar but stronger case, Appendix, 8 Sugden. The plaintiff had paid money and encountered expenses for the purchase of estates in Wales. The defendants could not comply with their agreement, as the estates had been sold at a higher price. The action was brought to recover damages for the loss of the bargain, but they were not allowed by the Court. These cases go further than it is necessary to go in this case: as here no such damage was proved: and without giving any approbation to the above cases, it is sufficient to say they more than sustain the position taken in this. In the case of Hopkins vs. Gagerbrook, 13 E. C. R. 100, it was held that where a party puts up land for sale, and agrees to make titles, he is not 'only liable for the expenses incurred, but for actual *185 damage to the plaintiff. Bailey, J., sums up the conclusions of bis mind — “ if a vendor holds out an estate as bis own, the purchaser may presume that he has a satisfactory title, and if he holds out that as his own which does not actually belong to him, I think he may fairly be compelled, to pay the loss which the purchaser sustains by not having that for which he contracted.” But it must be observed that there was an actual loss proved. The case quoted by the defendant’s counsel from Sir Thomas Raymond, stands well with the position I have laid down. ín that case, Nurse vs. Barns, the plaintiff not only recovered the money which he had paid on his contract, but he also recovered for stock which he laid in for the mills which he had agreed to lease. He had been put to expense and loss of time in laying in stock for the mill, which became either useless to him, or unavailing for the purpose that he wished them. The actual question before the Court, in the case of Rose vs. Beatty, 2 Nott & M’C., was, whether the plaintiff should recover special damages which he had suffered in consequence of the defendant selling to him damaged cotton which he could not sell in Liverpool, and which was returned on his hands. These damages consisted of expenses which the plaintiff was put to, in carrying to and bringing back from Liverpool the cotton. They, as well as the price of the cotton and interest, were properly allowed, but nothing more was allowed by the Court. Judge Nott in his opinion does state that he is not prepared to say but that vindictive damages may be allowed in action of as-sumpsit for breach of contract, and seems to think that such damages might be'given, but he does not. point out the class of cases in which such damages could be given; his remark is indefinite, and he has certainly quoted no authority that vindictive damages could be recovered when there is no fraud. The conclusion to be drawn from the cases, is, that a jury are not at liberty to give damages unless they'arfe proved, and result fairly and naturally from the breach of the contract: for remote and consequential damages cannot be allowed. Coming then to the case under consideration, what damages could the plaintiff have, recovered in this case?
1st. If she had shown that since the defendant had made his contract with her, rents had risen, she could have recovered *186 the difference between what she had contracted to give him, and what she had actually to give another for such a house.
2d. If she had shown that she had paid for furniture, laid in provisions, and had made other arrangements for her school, which had become unavailing, they might have been the subject of damages.
Or, 3d. Perhaps if she had shown that she had been thrown out of employment for a time, the loss might have been ascertained by a pecuniary estimate; but nothing of the kind appeared in testimony. The kind of damages which might be denominated consequential, would be such as that her school was not as large a one, &c. It seems to me that the grounds on which she contends for damages, is, that she was disappointed: for she did not show what particular trouble she was put to.- It would be dangerous to suffer juries to give arbitrary damages to punish one party for the disappointment of another. To do'justice in such cases would be to require a phrenometrical standard, not to be found in human laws.
The position which I have taken, contemplates contracts without fraud and imposition: and it is, perhaps, just to say that the Court can see nothing like fraud on the part of the defendant in this case.
The motion for a new trial is granted.